UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| SCOTT HAIRE, | ) |
| --- | --- |
| Plaintiff, | )<br>)<br>) |
| v. | ) No.: 3:17-CV-250-TAV-HBG |
| ANDERSON COUNTY, TENNESSEE,<br>N. JAY YEAGER, and<br>THERESA SCOTT, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

The question has often been asked, "Which came first, the chicken or the egg?" The Court declines to rule on this question today, instead considering which came first, the alleged nuisance from agricultural activity on plaintiff's private property or the alleged malicious prosecution by Anderson County officials in seeking an injunction for plaintiff's poultry activities. Defendants have moved to dismiss plaintiff's § 1983 and Tennessee state law claims or, in the alternative, for a judgment on the pleadings [Doc. 35].[1] Plaintiff responded in opposition [Doc. 38], and defendants replied [Doc. 39]. For the following reasons, the Court will grant defendants' motion.

**I.    Background**

Plaintiff is a resident of Anderson County, Tennessee, who raises chickens and breeds them to "show quality standards" [Doc. 31 ¶¶ 1, 11]. He lives on a property that is

---

[1] Also before the Court is defendants' original motion to dismiss or for judgment on the pleadings [Doc. 25]. The plaintiffs filed an amended complaint [Doc. 31] and defendants then filed a new motion to dismiss or for judgment on the pleadings [Doc. 35]. The Court will thus deny defendants' original motion [Doc. 25] as moot.

fenced in, and he has cages where he keeps his chickens [*Id.* ¶ 11]. In June 2013, Steve Page, an official from the Anderson County Public Works Office visited plaintiff's property after receiving complaints from his neighbors about noise and odor [*Id.* ¶ 12]. In October 2013, this same official was told that agricultural activities are exempt from zoning resolutions and that the official had no jurisdiction over plaintiff's agricultural activities [*Id.*]. After the official's visit, however, plaintiff cleaned up the property and removed several roosters [*Id.* ¶ 14].

Plaintiff's neighbors continued seeking assistance from county and state departments, as well as county commissioners [*Id.* ¶¶ 16–17]. After the neighbors complained, defendant Yeager, Law Director for Anderson County, Tennessee, threatened legal action against plaintiff, claiming that his activities constituted a "public nuisance" [*Id.* ¶ 18]. In response, plaintiff reduced his flock of chickens from approximately seventy to thirty chickens and built a fence [*Id.* ¶ 19]. Page returned to plaintiff's property and reported that he did not smell any offending odors and that plaintiff had constructed a fence since his last visit [*Id.* ¶ 21].

Around March 11, 2015, at an Anderson County Commission public session, plaintiff's neighbors and defendant Yeager asserted that plaintiff's activities constituted a "public nuisance" and needed to be referred to the Tennessee Department of Environment and Conservation ("TDEC") [*Id.* ¶ 28]. Defendant Scott, a member of the Anderson County Commission from District Seven, visited plaintiff's property and confirmed that

poultry livestock was in a fenced backyard, but she reported that she did not smell any known odors [*Id.* ¶ 29]. Defendant Scott claimed that she was certified as a "Property Maintenance and Housing Inspector, Building Safety Professional," so she visited plaintiff's property five or six times, ultimately determining that the activities on plaintiff's property constituted a public nuisance [*Id.* ¶ 34]. Defendant Yeager, on behalf of defendant Anderson County, then initiated a lawsuit against plaintiff, claiming a public nuisance [*Id.* ¶ 32].

Plaintiff filed a motion for summary judgment in the Chancery Court for Anderson County based on defendant Yeager's failure to identify evidence in support of the lawsuit's allegations [*Id.* ¶ 36]. In her deposition, defendant Scott admitted that her inspector certifications had lapsed but that she had still continued to inspect plaintiff's property [*Id.* ¶ 37]. While on the property, she had not conducted any scientific analysis, and she admitted to not knowing the difference between a public and a private nuisance [*Id.*]. Defendant Yeager filed a notice of non-suit, which was denied, and plaintiff's summary judgment was granted [*Id.* ¶¶ 41–42]. Plaintiff, his feathers ruffled by this alleged fowl play, filed this action asserting a violation of his constitutional rights under 42 U.S.C. § 1983 and a malicious prosecution claim under Tennessee state law.

## II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain

statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 555. "[A] formulaic recitation of the elements of a cause of action will not do"; neither will "'naked assertion[s]' devoid of 'further factual enhancement'"; nor "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

To the extent that defendants are requesting a judgment on the pleadings, Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard of review applicable to a motion for judgment on the pleadings under Rule 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6), and the Court likewise may not consider matters outside the pleadings. Fed. R. Civ. P. 12(d); *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511–12 (6th Cir. 2001). "All well pleaded material allegations of the non-moving party's pleadings are taken as true and allegations of the moving party that have been denied are taken as false." *S. Ohio Bank v. Merryl Lynch Pierce Finner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973). The motion should be granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993) (citation omitted).

**III.     Analysis**

    **A.     § 1983 Claim**

Plaintiff first asserts a § 1983 claim against defendants [Doc. 31]. Plaintiff argues that defendants' civil lawsuit interfered with plaintiff's use of his property and violated his constitutional rights generally [*Id.* ¶¶ 48–50; Doc. 38 p. 4]. The Court will first address the malicious prosecution claim before turning to the general § 1983 claim.

Defendants argue that plaintiff has failed to state a malicious prosecution claim under § 1983. Defendants argue that a § 1983 malicious prosecution claim only relates to

5

criminal prosecutions, and because plaintiff has agreed that defendants initiated a civil action against plaintiff, plaintiff has failed to plead a § 1983 claim. Plaintiff responds that the state law elements for a malicious prosecution claim can be incorporated into a federal malicious prosecution claim under § 1983. Plaintiff argues that because a malicious prosecution claim under Tennessee state law can address an underlying civil suit, his § 1983 claim must also survive.

Under Sixth Circuit precedent, the plaintiff must prove the following to be successful on a § 1983 malicious prosecution claim: (1) the defendants were part of the decision to initiate a criminal prosecution against the plaintiff; (2) the criminal prosecution lacked probable cause; (3) the plaintiff suffered a deprivation of liberty as a result of the legal proceeding; and, (4) the criminal prosecution was resolved in the plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010). Here, plaintiff agrees that defendants did not initiate a criminal prosecution but instead were merely involved in a civil proceeding [Doc. 31 ¶ 46]. Accordingly, plaintiff fails to satisfy the federal requirements for pleading a malicious prosecution claim.

Plaintiff argues that even if he fails to satisfy the federal requirements, though, he can still succeed on a § 1983 malicious prosecution claim because the state law elements are incorporated into the federal malicious prosecution claim [Doc. 38 p. 4]. Defendant disagrees [Doc. 39]. In *Sykes*, the Sixth Circuit rejected the idea that state law elements of a malicious prosecution claim could be incorporated into a federal malicious prosecution

6

claim. 625 F.3d at 309. Therefore, the Court cannot rely on Tennessee state law to define a federal § 1983 malicious prosecution claim.

Plaintiff also asserts that he has stated a general § 1983 claim. He states that his general § 1983 claim "stems from acts giving rise to a civil lawsuit that was improperly and unjustifiably brought" [Doc. 38 p. 4]. He later states that the § 1983 claim is based on the "depravation of his Fourteenth Amendment property rights brought about by the actions of Defendants acting under color of state law" [*Id.* at 5]. However, to assert a § 1983 claim, the plaintiff must show that a state actor deprived the plaintiff of his or her federal constitutional or statutory rights. In the complaint, plaintiff asserts that defendants acted under the color of law [Doc. 31 ¶ 45] when they initiated a civil proceeding against plaintiff [*Id.* ¶ 46], which was ultimately resolved in plaintiff's favor [*Id.* ¶ 47]. This civil proceeding caused harm to plaintiff [*Id.* ¶ 48] and interfered with his use of his property [*Id.* ¶ 49]. Plaintiff's complaint asserts a § 1983 malicious prosecution claim, but it does not appear to assert any "general" § 1983 claim. And plaintiff does not state any facts in his complaint to support a general § 1983 claim. *See Twombly*, 550 U.S. at 570. Accordingly, the Court will grant defendant's motion to dismiss with respect to the § 1983 claim.

### B. Tennessee State Law Claim

Defendant next asserts that plaintiff's state law claim fails. To succeed on a claim for malicious prosecution, the plaintiff must show that the defendant initiated a prior suit against the plaintiff without probable cause, the defendant brought the prior suit with

malice, and the prior suit was terminated in favor of the plaintiff. *Himmelfarb v. Allain*, 380 S.W.3d 35, 40 (Tenn. 2012). Defendant first notes that defendant Anderson County is barred from suit by the Governmental Tort Liability Act, which specifically bars all claims against governmental entities arising out of malicious prosecution. *See* Tenn. Code Ann. § 29-20-205(2). Plaintiff does not appear to dispute the fact that defendant Anderson County is immune from suit.

Defendant further argues that plaintiff fails to establish a malicious prosecution claim because the underlying civil proceeding was terminated on procedural grounds rather than substantive grounds, which means the prior suit was not terminated in favor of plaintiff. Plaintiff argues that the court granted summary judgment in plaintiff's favor in the underlying civil matter, which, he argues, means the state court decided the nuisance question on the merits.

In *Himmelfarb v. Allain*, the court held "that a voluntary nonsuit without prejudice is not a favorable termination for purposes of a malicious prosecution claim." 380 S.W.3d at 40. Procedural terminations in general are not favorable "for purposes of a malicious prosecution claim." *Id*. In this case, the state court denied plaintiff's request for a nonsuit. *Anderson County v. Haire*, No. 15CH7581 (Anderson Cty. Ch. Ct. May 3, 2017) (attached as Doc. 34–1). However, the court granted the motion for summary judgment on the basis that the case was moot, holding that regardless of whether nuisance activities *ever* existed, they had undoubtedly ceased to exist during the state court proceeding. *Id.* Because the

8

county officials were only seeking injunctive relief, and there was nothing for the court to enjoin, summary judgment was granted.

This Court must now decide whether the state court's decision to grant summary judgment in this case was a decision on the merits or simply procedural. The Court finds that it was procedural. The Court notes that just because an underlying suit was not decided on the merits does not necessarily mean that the termination of the suit was not favorable for the person asserting a malicious prosecution claim. For example, even if a person who brought an initial claim against another abandons or withdraws the claim, absent compromise or settlement, courts might still find that the termination was favorable. *Christian v. Lapidus*, 833 S.W.2d 71, 74 (Tenn. 1992). Courts recognize that procedural manipulation could still harm a party by forcing it to litigate a meritless lawsuit, only to have the suit withdrawn and potentially refiled at a later date. *Id*. In this case, though, the alleged nuisance, if it ever existed, no longer exists. The state court could not reach the merits of the suit because the question was moot, so the issue of whether the underlying suit was frivolous was never decided. By granting summary judgment, however, the state court definitively ruled on the matter, so county officials would not be able to seek an injunction at a later date for the same alleged nuisance. Because the underlying suit was resolved on procedural grounds, it was not resolved in a manner favorable to plaintiff, so plaintiff has failed to state a claim for malicious prosecution upon which relief can be granted.

## IV. Conclusion

For the reasons stated above, the Court will **GRANT** defendants' motion to dismiss or motion for judgment on the pleadings [Doc. 35]. In addition, the Court will **DENY AS MOOT** defendants' original motion to dismiss and/or motion for judgment on the pleadings [Doc. 25]. The Clerk of Court will be **DIRECTED** to **CLOSE** this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE